IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CAROLYN COLEMAN                                                                                     PLAINTIFF

v.                                       Case No. 4:20-cv-4053

LITTLE RIVER MEDICAL CENTER INC.
a/k/a LITTLE RIVER MEMORIAL HOSPITAL,
LITTLE RIVER MEMORIAL HOSPICE,
LITTLE RIVER MEMORIAL HOSPITAL HOME HEALTH,
MEMORIAL MEDICAL CLINIC,
LITTLE RIVER HOME HEALTH & HOSPICE AGENCY, INC.;
CONTINENTAL CASUALTY COMPANY; DOMINGO ATIENZA JR.;
CHRISTY HACKETT a.k.a. CHRISTY TURNER;
JOHN DOE; and JANE DOE                                                                            DEFENDANTS

**ORDER**

Before the Court is Plaintiff's Motion to Remand.  ECF No. 11.  Separate Defendant Domingo Atienza, Jr. has filed a response to Plaintiff's motion.  ECF No. 18.  Atienza has also filed a related motion, which is a Motion to Deny Joinder.  ECF No. 14.  Plaintiff has not filed a response to Atienza's Motion to Deny Joinder, and the time for response has passed.  The Court finds both motions ripe for consideration.

**I.  BACKGROUND**

This medical malpractice case arises out of care and treatment provided to Plaintiff on June 15, 2018.  Specifically, Plaintiff alleges that she was injured while undergoing physical therapy. On June 10, 2020, she filed her complaint in state court against Atienza, a physical therapist involved in Plaintiff's care, and Little River Memorial Hospital Foundation d/b/a Little River Memorial Hospital.[1]  ECF No. 3.

---

[1] She also included John Doe and Jane Doe as Defendants.

On July 2, 2020, Atienza removed the case to this Court based on diversity jurisdiction, stating that Plaintiff is a citizen of Arkansas, Atienza is a citizen of Texas, and Little River Memorial Hospital Foundation, a citizen of Arkansas, has been fraudulently joined. On July 27, 2020, Plaintiff filed an amended complaint without leave of court, which dropped Little River Memorial Hospital Foundation as a Defendant but added three diversity-destroying Defendants, all citizens of Arkansas: Little River Medical Center, Inc.; Continental Casualty Company; and Christy Hackett. A few days later, on July 31, 2020, Plaintiff filed the instant Motion to Remand, arguing diversity jurisdiction no longer exists. ECF No. 11. Atienza countered this argument by filing a Motion to Deny Joinder (ECF No. 14), arguing that the Court should deny Plaintiff's attempt to join the diversity-destroying Defendants.

## II. DISCUSSION

A party can typically amend its pleading "once as a matter of course" within twenty-one days of serving it or within twenty-one days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). This rule, however, does not apply when a plaintiff adds a party whose presence would destroy diversity. *Cole v. RBC Capital Markets, LLC*, 2012 WL 2178997, at *1 (D. Minn. June 14, 2012); *Faye v. High's of Baltimore*, 541 F. Supp. 2d 752, 758 (D. Md. 2008) ("[M]ost courts to consider the issue have found that Rule 15(a) cannot be used to defeat federal jurisdiction."). In that situation, leave of court is required before amendment. *Id.*

Here, Plaintiff filed her amended complaint without leave of Court pursuant to Rule 15(a)(1). However, the amended complaint added three diversity-destroying, home-state Defendants. Thus, Plaintiff should have obtained leave of Court before filing her amended complaint. Because Plaintiff did not obtain the Court's permission to file the amended complaint, the Court could order the amended complaint stricken from the record. Atienza, however, asks

2

the Court to conduct a discretionary review of the pleadings to determine if the amendment to the complaint should be allowed.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The exact procedural requirements surrounding how a plaintiff may add a non-diverse defendant is not clear from the statutory language, and Eighth Circuit precedent regarding the framework for assessing joinder under § 1447(e) is muddled.

The most recent Eighth Circuit case to address this issue, *Bailey v. Bayer Cropscience, L.P.*, 563 F.3d 302, 308 (8th Cir. 2009), suggests that the district court use Rule 19's joinder framework, which requires joinder if a plaintiff shows that the new parties are necessary and indispensable to a full resolution of the case. Fed. R. Civ. P. 19. If joinder of a necessary party is not feasible, then the court should determine whether to continue the litigation without the necessary parties or to dismiss the action because the party cannot be joined. Fed. R. Civ. P. 19(b). *Bailey*, however, has been criticized for failing to consider Rule 19's plain language, which states that the rule applies to parties "whose joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1); *see Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 971 (D.N.M. 2018) (*Bailey* fails to consider rule 19's plain language, which cuts out parties that § 1447 governs.").

Atienza argues that the better and controlling precedent is the Eighth Circuit's earlier decision in *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). *Ryan* states that when deciding whether to allow joinder that would divest jurisdiction, the district court should balance the defendant's interest in staying in federal court with the plaintiff's interest in avoiding

3

parallel litigation. 263 F.3d at 819. Some factors to consider are: (1) whether the amendment's aim is to destroy jurisdiction; (2) whether plaintiff delayed in seeking to amend; (3) whether plaintiff will be significantly injured if amendment is refused; and (4) any other factors touching the equities. *Id.* (citing *Mayes v. Rapaport*, 198 F.3d 457, 462 (4th Cir. 1999)) .

Whether the Court analyzes this case under *Bailey* or *Ryan*, the result is the same: joinder of the new Defendants in inappropriate. Plaintiff attempts to add the following Defendants: (1) Little River Medical Center, Inc., the alleged employer of Atienza; (2) Continental Casualty Company, the alleged liability insurance provider for Little River Medical Center, Inc.; and Christy Hackett, a physical therapy assistant who allegedly injured Plaintiff during treatment. It does not appear that any of these parties are necessary or required parties under Rule 19, and Plaintiff does not argue as such. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Bailey*, 563 F.3d at 308 (quoting *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990)). As to any possible third-party liability, including vicarious liability, the Court is unaware of any authority that would require joinder of Little River Medical Center, Inc. Further, Plaintiff has not argued that Continental Casualty Company is a necessary party to this action. It appears that the Court could accord complete relief among Plaintiff and Atienza in the absence of these three Defendants, and thus they are not necessary parties as defined by Rule 19(a). Accordingly, joinder is not required.

The Court now turns to the framework set forth in *Ryan* for analyzing joinder under 28 U.S.C. § 1447. It appears that Plaintiff is attempting to destroy jurisdiction by adding nondiverse parties. Plaintiff sought to add these parties shortly after removal but before any additional discovery had taken place. Further, Plaintiff offers no explanation as to why these parties could

4

not have been added prior to removal. In fact, "Christy Turner, PTA" was mentioned in the affidavit filed with the original complaint in state court. ECF No. 3, p. 11.

Plaintiff does not argue that she will be significantly injured if the new Defendants are not joined. In fact, Plaintiff's claims against these new Defendants may be time-barred as a medical-negligence action must be brought within two years of when the action accrues.[2] *See* Ark. Code Ann. § 16-114-203(a). With these factors in mind, the Court finds that Atienza's interest in staying in federal court outweighs Plaintiff's interest in avoiding parallel litigation.

### III.  CONCLUSION

For the above-stated reasons, the Court finds that Atienza's Motion to Deny Joinder (ECF No. 14) should be and hereby is **GRANTED**, and the following Defendants are **DISMISSED** from this case: Little River Medical Center, Inc.; Continental Casualty Company; and Christy Hackett. Because the diversity-destroying Defendants are dismissed, the Court finds that Plaintiff's Motion to Remand (ECF No. 11) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 29th day of March, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] All three new Defendants have filed motions to dismiss arguing that Plaintiff's claims are time-barred. ECF Nos. 26, 28, 41.

5